UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CR-00159-MTS-NAB |
| DONOVAN P. WALKER, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF THE GOVERNMENT'S
MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its Attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jillian S. Anderson, Assistant United States Attorney for said District, and files this memorandum in support of its motion to order defendant detained pending trial pursuant to Title 18, United States Code, §3141, et seq. The Government asserts:

1. There is a presumption, based upon the defendant's present charge, that no conditions of bond can ensure the community's safety. Defendant is charged with Receipt of Child Pornography, Title 18, United States Code, Section 2252A(a)(2). Title 18, U.S.C. Section 3142(e)(3) states that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed… an offense involving a minor victim under section . . . 2252A(a)(2) . . . .

2. The facts giving rise to the charge are that on May 25, 2020, the defendant utilized his cellular telephone to video recorded himself engaged in the statutory rape of a fourteen-year old child

whose initials are M.A. During the course of the recording the defendant asks M.A. to confirm her age, the defendant then proceeds to state on the recording his enjoyment of the vagina of a "fourteen-year old". Law enforcement with the Franklin County Sheriff's Office located this video on the defendant's cellular telephone and seized it into evidence.

    3. An interview with juvenile M.A. and forensic analysis of the defendant's and the victim's cellular telephones reveal that the defendant communicated with M.A. via one or more social media applications and other digital communications. During these communications, the defendant asked fourteen-year old M.A. to be her "secret" boyfriend.  The defendant met M.A. in person on four to five occasions during which he would provide her marijuana and engage in multiple acts of statutory rape and statutory sodomy.  On one occasion, the defendant rented a room at a Super 8 hotel to engage in acts of statutory rape and statutory sodomy of M.A.  On another occasion, the defendant engaged in anal intercourse with M.A. who reported that this act was painful and left her sides and lower abdomen in constant pain.  Evidence of the digital communications between the defendant and M.A. indicate that he was aware she was sneaking out of her grandmother's home to meet him.

    4. On May 25, 2020, police were called by a concerned citizen who reported suspicious activity inside a vehicle in Franklin County.  When the police arrived, they observed the defendant and M.A. appearing to be engaged in sexual activity inside the vehicle. When approached by law enforcement, the defendant told the police that M.A. had told him she was 18 and that he had no idea she was under 18.  This was a lie as police recovered the aforementioned video which was made minutes before law enforcement interceded and in which the defendant discussed the age of victim M.A.

5. Subsequent to Indictment, further investigation and forensic evidence has been revealed which involves a potential second victim. The investigation indicated that in May of 2020, the defendant communicated via social media with seventeen-year old juvenile whose initials are C.U. The defendant requested nude photographs of C.U. The defendant also sent C.U. nude images of himself and videos of himself masturbating.  C.U. was interviewed and described in detail the video sent by the defendant which was located by law enforcement on the defendant's cellular telephone.  C.U. explained that the defendant made daily requests of C.U. that she send him a video of herself masturbating, which would constitute child pornography under federal and state law.  C.U. described the defendant's persistence as so strong that it made her uncomfortable.  The defendant additionally offered to buy C.U. lingerie and a vibrator and suggested she sell nude images of herself online

6. The nature and circumstances of the defendant's offense indicate a prurient interest in sexually abusing children.  The Government's case is strong as the defendant is on video recording his knowing statutory rape of A.M. and producing child pornography thereof.  The nature and seriousness of the danger to children in our community posed by the defendant's release is a concern to the Government.  For all of the aforementioned factors, and per Title 18, United States Code, Section 3142(g), the defendant cannot show that there is any condition or combination of conditions that will assure the safety of the community.

WHEREFORE, the Government respectfully requests that the Court order the defendant to be detained pending trial.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


*/s/Jillian S. Anderson*
JILLIAN S. ANDERSON, #53918MO
Assistant United States Attorney
111 South 10th Street, Rm. 20.333
St. Louis, Missouri 63102
314-539-2200

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of this document was filed with the Court's electronic file management system for service upon all parties and counsel of record on March 28, 2021.

*s/ Jillian S. Anderson*
JILLIAN S. ANDERSON, #53918(MO)
Assistant United States Attorney
jillian.anderson@usdoj.gov