IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Case No. 4:21-CR00159 MTS |
| ) | |
| DONOVAN P. WALKER, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S OBJECTIONS TO THE
PRESENTENCE INVESTIGATION REPORT

Comes now Defendant Donovan P. Walker , by and through counsel William J. Ekiss and pursuant to this Court's Administrative Order, and Rule 32(b)(6)(B), hereby files the following objections to the presentence investigation report.

**OFFENSE LEVEL COMPUTATION**

1. The defendant objects to paragraph 28 of the presentence report (PSR) and the four level enhancement pursuant to USSG, Section 2G2.1 (b)(4)(A). The defendant did not agree to this enhancement, as stated in the PSR, for depictions of sadistic or masochistic conduct. The government asserts that this enhancement applies because the defendant recorded himself engaged in sexual intercourse with M.A., 14 at the time of the offense. The defendant argues two separate points against the four point enhancement. First, the defendant argues that the application of this provision is double counting and double punishment because the defendant already agreed upon the application of a two level enhancement pursuant to USSG, Section 2G2.1 (b)(2) for being involved in the commission of a sexual act, sexual contact or sexual intercourse with a minor. The two enhancements encompass and address the same conduct and the same harm that flows

from defendant's sexual involvement with a minor, 14 years of age.

 Secondly, the defendant objects to this four level enhancement on the grounds that this is not your typical production type offense, and that the sexual experimentation by M.A. was on-going, as she had been engaging in sexual intercourse prior to meeting the defendant on the dating web site.  (I.e. being engaged in sexual intercourse with other adult men).   As set forth in the plea agreement, and the PSR, the victim solicited men on a dating web site called "Tinder".   As the police reports state, M.A. and her friends (all minors), learned of the dating web site called "Tinder".   The dating application was downloaded onto M.A.'s phone.   According to M.A. the girls began having sex with men they met on Tinder.   The girls would come to one of the minor's house to spend the night, they would then sneak out of the house to meet the men they met on "Tinder".   The reports reflect that M.A. had sexual contact and intercourse with other adult men prior to meeting the defendant on the dating web site.   Moreover, consistent with the police reports, M.A. admitted to the police that she lied about her age advising the defendant that she was 18 years of age.   According to one of the other girls, they had all agreed to get on tinder so that they could find drugs.   It became more than that.   In fact, one of the girls stated to police that M.A. and another friend stayed with two adult men in Jefferson County for two (2) days.   While the defendant is older than the victim, and frankly should have known better, it does not justify a four level enhancement, as this victim had been engaged in this type of conduct months prior to her tinder trolling for an adult male, while openly admitting that she had sex with other men she met on Tinder.

2. The defendant objects to paragraph 29 of the PSR, and the two level enhancement

pursuant to USSG, Section 2G2.1 (b)(6)(B), wherein the defendant, for the purpose of producing sexually explicit material, the offense involved the use of a computer or interactive device to persuade, induce, entice, coerce or facilitate the travel of a minor to engage in sexually explicit conduct … The defendant did not agree to this enhancement, as stated in the PSR.   The defendant disputes using his phone and/or snap chat as a means to communicate with M.A. for the purposes set forth within the statute and Section 2G2.1(b)(6)(B) of the USSG.   The use of a computer enhancement is superfluous because nearly all child type pornography cases involve computers, and such use is encompassed in the base offense level set forth within the plea agreement and the PSR.   As such, application of both enhancements constitutes impermissible double counting.

Additionally, the argument against applying this enhancement is that the use of a computer is not truly an enhancement as it is present in virtually all cases today.   While computer use may have been less common at the time Congress promulgated the enhancement, today, the use of computers has become worldwide in this area that the original justifications for applying the enhancement are less compelling.   Furthermore, Congress, not the U.S. Sentencing Commission, promulgated the enhancement and it is not supported by any empirical research.   The use of this computer enhancement is controversial nationwide and various approaches have resulted in widespread disparity in sentences imposed in child pornography cases.   As stated in *Apprenedi v New Jersey*, 530 U.S. 466, 556 (2000), the purpose of sentencing enhancements is to distinguish between-and give weight to-the specific facts, conduct and characteristics of individuals who commit similar crimes.   A simple charge offense system-one that does not take into consideration relevant facts and conduct-would "not be a fair system, for it would lack

proportionality, i.e. it would treat different offenders similar despite major differences in the manner in which each committed the same crime." *Id* at 556.

### SENTENCING OPTIONS

1. The defendant objects to paragraph 33 of the presentence report, specifically the adjusted level subtotal of 42.   As set forth by the defendant in paragraphs 1 and 2 of his objections, the defendant asserts that his adjusted offense level subtotal is 36.   As such, the defendant states that his total offense level under paragraph 37 is a 33, making his guideline range, based on a base offense level of 33 and a criminal history calculation of I, defendant's USSG range is 135 to 168 months.   (Noting the statutory maximum is 10 years or 120 months).   Defendant will be requesting and arguing for a variance below the statutory maximum, based upon 3553 factors.

WHEREFORE, the defendant respectfully submits these objections to the Court and requests this Court make a finding that the enhancements set forth in the PSR under paragraphs 28 and 29 be removed and that the total base offense level reflect the proper level of 33, combined with defendant's criminal history category of I.

Respectfully Submitted,

THE LAMPIN LAW FIRM

/s/ William J. Ekiss
William J. Ekiss #47389
5770 Mexico Rd. Ste. A
St. Peters, MO 63376
(636) 317-6331
billekiss@lampinlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Ms. Jillian Anderson, Assistant U.S. Attorney, and Ms. Jessica Wagner, Federal Office of Probation and Parole.

/s/ William J. Ekiss